## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

YASMANI RUBIO,                          )
                                        )
        Plaintiff,                      )
                                        )
        v.                              )          Civil Action No.  1:24-cv-02872 (UNA)
                                        )
RANDOLPH D. MOSS, et al.,               )
                                        )
        Defendants.                     )

## <u>MEMORANDUM OPINION</u>

This matter is before the Court on its initial review of Plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2.  The Court grants the *in forma pauperis* application and, for the reasons discussed below, dismisses this matter without prejudice.

The gravamen of Plaintiff's 493-page prolix complaint is rooted in his profound disagreement with proceedings in another active pending case that he filed in this District, namely, *Rubio v. D.C. Dep't of Human Services, et al.* ("*Rubio I*"), No. 23-cv-00719 (RDM) (filed March 16, 2023), including determinations taken by the presiding judge, and actions taken by the defendants and their counsel.  *See generally* Compl.  He now sues the presiding judge in *Rubio I*, and two of the defendants and their counsel, alleging that they have all conspired to commit myriad bad acts against him.  *See id.*; *see also* Compl. Memorandum ("Compl. Mem/"), ECF No. 1-1. He demands $425 million in damages, assorted equitable relief, and a preliminary injunction, for alleged violation of his fundamental rights.  *See* Compl. Mem. at 245–50; *see also* Motion for Preliminary Injunction, ECF No. 3.

First, "[a] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).  The instant complaint falls into this category; accordingly, the court cannot exercise subject matter jurisdiction over it.  *See Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *see also Ibrahim v. Dist. of Columbia*, Nos. 93–0002, Civ. A. 93–0060, 1993 WL 30814, at *1 (D.D.C. Jan. 29, 1993) (finding the plaintiff's "assertion that . . . matters were decided against him because the Courts conspired with the named defendants" was frivolous where the "facts only support the notion that the Judges in . . . those cases diligently worked on his complaints [but] decided them against him"), *appeal dismissed sub nom. Ibrahim v. D.C. Dep't of Corrections*, No. 93-7029, 1993 WL 328110 (D.C. Cir. July 7, 1993) (per curiam) (finding no basis for appeal).

Second, this lawsuit is a thinly veiled attempt to circuitously challenge the actions of another court in this District, but a court "cannot review decisions made by another District Judge," *Wiley v. Wilkins*, 671 F. App'x 807, 807 (D.C. Cir. 2016) (per curiam); *see also, e.g.*, 28 U.S.C. §§ 1331–1332 (granting district courts original, not appellate, jurisdiction); *cf. El Bey v. United States*, 697 F. App'x 706, 707 (D.C. Cir. 2017) (per curiam).  If Plaintiff seeks review of *Rubio I*, such is the province of the United States Court of Appeals for the D.C. Circuit.  *See id*.  Indeed, Plaintiff has already filed or attempted to file such appeals.  *See Rubio I* at Motion for Leave to

Appeal, ECF No. 54; Motion for Cert. of Appealability, ECF No. 55; Motion for Certification for Interlocutory Appeal, ECF No. 61; Motion for Leave to Appeal. ECF No. 62.

To that same end, the orderly administrative of the judicial system precludes a plaintiff from simultaneously litigating the same case against the same defendant but before two different judges, which Plaintiff is ostensibly attempting to do here. *Cf. Washington Metro. Area Transit Auth. v. Ragonese*, 617 F.2d 828, 830 (D.C. Cir. 1980) (citing *Hilton Hotels Corp. v. Weaver*, 325 F.2d 1010, 1010 (D.C. Cir. 1963) (per curiam), *cert. denied*, 376 U.S. 951 (1964)).

Third, Plaintiff's claims are also largely barred by judicial immunity. The named presiding judge "enjoy[s] absolute judicial immunity from suits for money damages for all actions taken in his judicial capacity, unless these actions are taken in the complete absence of all jurisdiction." *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993) (per curiam). "[W]hether an act by a judge is a 'judicial' one relates to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Mireles v. Waco*, 502 U.S. 9, 12 (1991) (per curiam) (cleaned up). Plaintiff's allegations against the presiding judge involve plainly judicial functions, and although Plaintiff attempts to establish that the presiding judge acted in bad faith or in contravention of the applicable code of conduct, judicial immunity "is not overcome by allegations of bad faith or malice and applies even if the challenged action was in error or was in excess of the judge's authority," *Laverpool v. Taylor Bean & Whitaker Reo LLC*, 229 F. Supp. 3d 5, 16 n.11 (D.D.C. 2017) (cleaned up). Therefore, Plaintiff cannot seek damages against the presiding judge.

Nor can Plaintiff ask this court for sanctions. "Plaintiff has not cited, and the [c]ourt has not found, any authority permitting it unilaterally to suspend or otherwise discipline another U.S. District Judge at a litigant's request." *Nwosu v. Friedrich*, No. 24-878, 2024 WL 2001943, at *2

n.2 (D.D.C. Apr. 1, 2024) (citing cases). "Nor is Plaintiff's apparent theory that a federal judge is liable . . . and subject to mandatory discipline whenever any litigant disagrees with one of her rulings tenable." *See id.*

For all of the foregoing reasons, the complaint, ECF No. 1, and this case, are dismissed without prejudice. Plaintiff's motion for preliminary injunction, ECF No. 3, and motion to transfer, ECF No. 6, are both denied as baseless. Furthermore, Plaintiff's motion to expedite approval of his IFP application and issuance of summonses, ECF No. 4, motion for electronic service, ECF No. 5, motion to appoint counsel, ECF No. 9, motion to expedite, ECF No. 11, and motion for PACER fee exemption, ECF No. 12, are all denied as moot. A separate order accompanies this memorandum opinion.

Date: January 7, 2025

/s/_____
ANA C. REYES
United States District Judge